```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LA LIBERTE, LLC                   :        CIVIL ACTION
                                  :
          v.                      :
                                  :
KEATING BUILDING CORP.            :
                                  :
          v.                      :
                                  :
ROMAN MOSAIC AND TILE CO.,        :
et al.                            :        NO. 07-1397
```

MEMORANDUM

Bartle, C.J.                                          December 11, 2007

    Plaintiff La Liberte, LLC ("La Liberte"), has sued defendant Keating Building Corporation ("Keating") for breach of contract, breach of implied warranty, and breach of express warranty in connection with work Keating performed at a hotel owned by La Liberte.  Thereafter, Keating filed a third-party complaint against its subcontractors, Roman Mosaic and Tile Company ("Roman"), Voegele Mechanical, Inc. ("Voegele"), Shannon Plastering and Drywall Corporation ("Shannon"), as well as against the subcontractors' respective sureties, Fidelity and Deposit Company of Maryland ("Fidelity"), United States Fidelity and Guaranty Company ("USF&G"), and The Hartford Fire Insurance Company ("Hartford").

    Before this court are the motions of USF&G and Hartford to dismiss the third-party complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure

to state a claim upon which relief can be granted.  USF&G and Hartford contend that Keating's claims against them are untimely.

I.

For present purposes, we accept all well-pleaded allegations in the complaint as true.  Cal. Pub. Employees' Ret. Sys. v. Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citation omitted).  Under Rule 12(b)(6), a claim should be dismissed only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Id.  We may consider "the allegations contained in the complaint, exhibits attached thereto, and matters of public record."  Beverly Enterprises, Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999); Pension Benefit Guar. Corp. v. White Consol. Indus. Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

According to the complaint, La Liberte is the owner of the Sofitel Hotel located at the corner of 17th and Sansom Streets in Philadelphia.  On December 7, 1998, Keating and La Liberte entered into an agreement titled "Standard Form of Agreement Between Owner and Construction Manager" ("Owner Contract"), under which Keating was to make renovations to the Sofitel Hotel and construct an addition, hereinafter the "Sofitel Project."  Keating, as the manager of the Sofitel Project, entered into several subcontract agreements, including one with Voegele, hereinafter "Voegele Subcontract," and one with Shannon, hereinafter "Shannon Subcontract."

Under the Voegele Subcontract, Voegele was to perform certain plumbing and heating, ventilation and air conditioning work. The agreement contains a warranty provision, which states: "[Voegele] hereby guarantees all labor, materials, equipment, services and work furnished hereunder against all defects which may develop within one (1) year from date of acceptance by [La Liberte] or within the guarantee period set forth in the CONTRACT DOCUMENTS, whichever is longer." USF&G Mot. to Dismiss Ex. C. The "Contract Documents" referenced in the warranty provision include, among others, the Owner Contract, that is the contract between La Liberte and Keating, and the Voegele Subcontract, that is, the contract between Keating and Voegele.

Under the Shannon Subcontract, that is, the contract between Shannon and Keating, Shannon was to complete certain drywall, acoustical ceilings and carpentry work. The warranty provision contained in the Shannon Subcontract is identical to the Voegele Subcontract. It states: "[Shannon] hereby guarantees all labor, materials, equipment, services and work furnished hereunder against all defects which may develop within one (1) year from date of acceptance by [La Liberte] or within the guarantee period set forth in the CONTRACT DOCUMENTS, whichever is longer." Hartford Mot. to Dismiss Ex. 2. Again, the "Contract Documents" referenced include the Owner Contract and Shannon Subcontract.

Voegele and Shannon, as principals, obtained performance bonds for the benefit of Keating, as required under

the terms of the Owner Contract.  Voegele entered into a performance bond with USF&G as the surety ("USF&G Performance Bond") in the amount of $8,536,235, while Shannon did so with Hartford as the surety ("Hartford Performance Bond") in the amount of $3,900,000.  Both performance bonds contain the following identical language:

> Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the [Subcontract] falls due or before the expiration of one (1) year from the date on which the warranties required by the [Subcontract] (including the drawings and specifications incorporated therein) expire.

USF&G Mot. to Dismiss Ex. D and Hartford Mot. to Dismiss Ex. 1.

The construction at the Sofitel Hotel began in 1999.  It is undisputed that on May 1, 2000 a Certificate of Substantial Completion was signed by Keating, La Liberte, and the architect for the Sofitel Project.  The signed Certificate constituted acceptance by La Liberte under the terms of the subcontracts.

The Sofitel Hotel opened to the public in May, 2000.  La Liberte alleges in its complaint that "shortly after opening" guests reported leaks in the ceilings of several bathrooms that appeared to originate in the bathrooms on the floor above.  The complaint further asserts that La Liberte reported the leaks to Keating as they were discovered, and over the course of "several months" Keating's representatives investigated and repaired the leaks by tightening shower drain bolts.  Several years later, in 2004, new leaks appeared and La Liberte thereupon completely

dismantled a shower on the fourteenth floor.  At that point, it discovered that the shower had been constructed incorrectly and in a manner that caused damage to the materials used.

On April 6, 2007, La Liberte filed this action against Keating.  Keating moved to dismiss the complaint on the ground that the four-year Pennsylvania statute of limitations barred plaintiff's claims for breach of contract, breach of implied warranty, and breach of express warranty because La Liberte knew that leaks existed in 2000.  <u>See</u> 42 Pa. Cons. Stat. Ann. § 5525(a).  We denied the motion without prejudice on July 23, 2007.  We ruled that it was not possible to decide the issue merely on the basis of the allegations in the complaint and before discovery had taken place.

Keating then filed its third-party complaint on August 13, 2007.  In Count X Keating alleges that USF&G is liable to it under the terms of the USF&G Performance Bond for "any amounts awarded to La Liberte as a result of Voegele's acts, errors, omissions and/or other conduct on the Project ...." Third-party Compl. ¶ 75.  Count XV avers that Hartford is liable to Keating under the terms of the Hartford Performance Bond for "any amounts awarded to La Liberte as a result of Shannon's acts, errors, omissions and/or other conduct on the Project ...." Third-party Comp. ¶ 96.  USF&G and Hartford have now moved to dismiss these two counts of the third-party complaint.  They argue that the third-party complaint is time barred as to them under the terms of the performance bonds.  We consider the

motions to dismiss together, as the arguments advanced by USF&G and Hartford are substantially the same.

## II.

At the outset we must determine the applicable limitation periods for suits under the performance bonds. Pennsylvania law provides: "The following actions and proceedings must be commenced within one year: ... An action upon any payment or performance bond."  42 Pa. Cons. Stat. Ann. § 5523.  Under Pennsylvania law, however, parties to a contract are free to set a shorter limitations period for filing suit than provided under the applicable statute of limitations. Diorio v. Nationwide Mut. Ins. Co., 17 F.3d 657, 660 (3d Cir. 1994).  The shortened limitations period must nevertheless be reasonable. Id.  Keating does not dispute that it is the limitation period set forth in the Hartford and the USF&G Performance Bonds, and not the statutory limitation period, that controls this case.  As the parties acknowledge, there is no reason to deem the contractual limitations period unreasonable.

Keating maintains that this court cannot yet determine whether the limitations periods under the performance bonds have expired because we have not yet determined whether La Liberte's claims against Keating are time-barred.  We disagree.  The issues are separate and distinct.  With respect to the timeliness of the claims of La Liberte against Keating, we must consider the relevant Pennsylvania statute of limitations.  In contrast, with respect to the timeliness of the claims of Keating against USF&G

and Hartford, we must instead focus on the contractual limitations period contained in the performance bonds.

Under the terms of the performance bonds Keating's third-party complaint is out of time if it was filed more than two years after final payment or one year after expiration of the warranties under the Owner Contract and subcontracts.  Turning first to the date of final payment, Keating did not allege any facts in its third-party complaint regarding the date of final payment to Voegele.  USF&G maintains, however, that although it does not know with certainty the date Keating made its final payment to Voegele, it was made sometime before February, 2005.  USF&G reaches this conclusion based upon Voegele's First Amended Chapter 11 Plan, in which Voegele's accounts receivable does not list any outstanding balance due from Keating.  See USF&G's Mot. to Dismiss Ex. I.  Keating does not question or rebut USF&G's assertion that final payment was made sometime before February, 2005.  Thus, the two year limitation period under the USF&G Performance Bond expired by February, 2007, six months before Keating filed its third-party complaint.

Hartford maintains that final payment was made from Keating to Shannon on March 16, 2001.  Again, Keating does not dispute the final payment date.  Keating's right to sue under the two year limitation period in the Hartford Performance Bond therefore expired on March 15, 2003, well before Keating filed its third-party complaint on August 13, 2007.

As noted above, the performance bonds provide that in the alternative suit may be instituted within a year after the expiration of the warranties in the contract documents. With regard to Voegele, Keating's third-party complaint alleges that "Voegele's Work on the Project was defective and did not comply or conform with the requirements of the Voegele Subcontract, and the terms of such warranties, and Voegele thereby breached its implied and express warranties." Third-party Compl. ¶ 62. The warranty contained in the Voegele Subcontract states: "[Voegele] hereby guarantees all labor, materials, equipment, services and work furnished hereunder against all defects which may develop within one (1) year from date of acceptance by [La Liberte] or within the guarantee period set forth in the CONTRACT DOCUMENTS, whichever is longer." USF&G Mot. to Dismiss, Ex. C.

It is undisputed that the date of acceptance by La Liberte was May 1, 2000. The warranty under the Voegele Subcontract therefore expired on April 30, 2001 and any timely action under the USF&G Performance Bond needed to be filed before April 29, 2002. Keating argues that although the Voegele Subcontract warranty expired one year after La Liberte's May 1, 2000 acceptance, there may be warranties under the Owner Contract that have not expired or have been tolled.[1] Keating, however,

---

1. We note that plumbing specifications prepared by the architect for the Sofitel Project, which detailed the plumbing work to be done by Voegele and were incorporated into the Voegele Subcontract, also contained a guarantee period. USF&G Mot. to Dismiss. Ex. J. That guarantee period, however, ran

(continued...)

does not specify in its third-party complaint any warranty provisions contained in the Owner Contract that remain in effect, or remained in effect until August 14, 2006, one year before it filed its third-party complaint.  Instead, Keating merely states that since La Liberte contends in its complaint that warranties in the Owner Contract have not yet expired or were somehow tolled this court cannot determine when the Owner Contract warranties expired.  Keating cannot merely refer to La Liberte's complaint to state a claim.  On the contrary, the third-party complaint "should be framed as in an original complaint."  Form 22-A to Fed. R. Civ. P.; see also 3 James Wm. Moore et al., Moore's Federal Practice ¶ 14.20[2] (3d ed. 2007).  As Keating's third-party complaint makes no mention of any warranty provision under the Owner Contract that remained in effect, the expiration of the warranty contained in the Voegele Subcontract started the clock for Keating to file a third-party complaint.  Since the time to file the complaint expired on April 29, 2002 and the third-party complaint was not filed under August 13, 2007, Keating's third-party complaint is also out of time under the terms of the warranty provision of the Voegele Subcontract and will be dismissed.

  Keating's third-party complaint against Hartford is likewise deficient.  Again the Shannon Subcontract provides for a one year warranty following acceptance by La Liberte.

---

1.(...continued)
concomitantly with the warranty in the Voegele Subcontract.

Accordingly, the warranty expired on April 30, 2001 and the limitation period under the terms of the Hartford Performance Bond expired on April 29, 2002.  Keating has failed to allege any warranty contained in the Owner Contract that extended beyond that date.  Keating's third-party complaint was not filed until August 13, 2007, more than five years after such a suit was allowed under the terms of the one year limitation period contained in the Hartford Performance Bond.  We will therefore dismiss Keating's Third-party Complaint as it pertains to Hartford.

Nor does the discovery rule extend the limitations periods under the performance bonds, as Keating argues.  Keating has cited no cases, and we have found none, where the Pennsylvania courts have applied the discovery rule to contractual limitations periods such as the ones contained in the performance bonds here.  Our court has previously noted:  "Courts are free to apply the discovery rule only if the statute of limitations (or contractual language) in question does not expressly or impliedly prohibit it." Toledo v. State Farm Fire & Cas. Co., 810 F. Supp. 156, 159 (E.D. Pa. 1992).  The discovery rule cannot be applied when the limitation period requires "that the action be filed within a certain time after a 'definitely established event....'" Id. (quoting Pastierik v. Duquesne Light Co., 526 A.2d 323, 325 (1987)).

In this case, each performance bond provides two dates certain which start the clock for Keating to file suit

thereunder.  We cannot, therefore, read the performance bonds as allowing the commencement of the limitation periods to be delayed until Keating discovers what injury, if any, it has suffered. Such an interpretation would undercut the agreement for which the parties to the bonds bargained.  We must honor the parties' right to set limitation periods through contract.  The discovery rule cannot save Keating's third-party complaint as it pertains to USF&G and Hartford.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LA LIBERTE, LLC                    :      CIVIL ACTION
                                   :
         v.                        :
                                   :
KEATING BUILDING CORP.             :
                                   :
         v.                        :
                                   :
ROMAN MOSAIC AND TILE CO.,         :
et al.                             :      NO. 07-1397
```

ORDER

      AND NOW, this 11th day of December, 2007, for the reasons set forth in the foregoing Memorandum, it is hereby ORDERED that:

      (1)  the motion of United States Fidelity and Guaranty Company to dismiss Count X of Keating Building Corporation's third-party complaint against it is GRANTED; and

      (2)  the motion of the Hartford Fire Insurance Company to dismiss Count XV of Keating Building Corporation's third-party complaint against it is GRANTED.

                                    BY THE COURT:

                                    /s/ Harvey Bartle III
                                                          C.J.