```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LA LIBERTE, LLC                 :        CIVIL ACTION
                                :
          v.                    :
                                :
KEATING BUILDING CORP.          :
                                :
          v.                    :
                                :
ROMAN MOSAIC AND TILE CO.,      :
et al.                          :        NO. 07-1397
```

<u>MEMORANDUM</u>

Bartle, C.J.                                February 15, 2008

  Plaintiff La Liberte, LLC ("La Liberte"), has sued defendant Keating Building Corporation ("Keating") for breach of contract, breach of implied warranty, and breach of express warranty in connection with work Keating performed at a hotel owned by La Liberte.  Thereafter, Keating filed a third-party complaint against its subcontractors, Roman Mosaic and Tile Company ("Roman"), Voegele Mechanical, Inc. ("Voegele"), Shannon Plastering and Drywall Corporation ("Shannon"), as well as against the subcontractors' respective sureties, Fidelity and Deposit Company of Maryland ("Fidelity"), United States Fidelity and Guaranty Company ("USF&G"), and The Hartford Fire Insurance Company ("Hartford").

  USF&G and Hartford moved to dismiss the third-party complaint against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which

relief can be granted, on the basis that Keating's claims against them were untimely.  By Memorandum and Order dated December 11, 2007 we granted the motions of USF&G and Hartford to dismiss the third-party complaint against them.  Keating has now moved for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or, in the alternative, for leave to file an amended complaint.

Our Court of Appeals has explained that the purpose of a motion for reconsideration under Rule 59(e) is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  A court may grant a motion for reconsideration or alter or amend a judgment if the party seeking reconsideration "shows at least one of the following grounds:  (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

According to the complaint, La Liberte is the owner of the Sofitel Hotel located at the corner of 17th and Sansom Streets in Philadelphia.[1]  On December 7, 1998, Keating and La Liberte entered into an agreement titled "Standard Form of

---

1.  A more detailed recitation of the facts of this case is contained in the December 11, 2007 Memorandum of this court.  La Liberte v. Keating, Civ.A. No. 07-1397, 2007 WL 4323687 (E.D. Pa. Dec. 11, 2007).

-2-

Agreement Between Owner and Construction Manager" ("Owner Contract"), under which Keating was to make renovations to the Sofitel Hotel and construct an addition, hereinafter the "Sofitel Project."  Keating, as the manager of the Sofitel Project, entered into several subcontract agreements, including one with Voegele, hereinafter "Voegele Subcontract," and one with Shannon, hereinafter "Shannon Subcontract."

Voegele and Shannon, as principals, obtained performance bonds for the benefit of Keating, as required under the terms of the Owner Contract.  Voegele entered into a performance bond with USF&G as the surety ("USF&G Performance Bond") in the amount of $8,536,235, while Shannon did so with Hartford as the surety ("Hartford Performance Bond") in the amount of $3,900,000.  Both performance bonds contain the following identical language:

> Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the [Subcontract] falls due or before the expiration of one (1) year from the date on which the warranties required by the [Subcontract] (including the drawings and specifications incorporated therein) expire.

USF&G Mot. to Dismiss Ex. D; Hartford Mot. to Dismiss Ex. 1.

The Voegele and Shannon Subcontracts contain warranty provisions, which state:  "SUBCONTRACTOR hereby guarantees all labor, materials, equipment, services and work furnished hereunder against all defects which may develop within one (1) year from date of acceptance by [La Liberte] or within the

-3-

guarantee period set forth in the CONTRACT DOCUMENTS, whichever
is longer."  USF&G Mot. to Dismiss Ex. C; Hartford Mot. to
Dismiss Ex. 2.  The "Contract Documents" referenced in the
warranty provisions include, among others, the Owner Contract,
that is, the contract between La Liberte and Keating, and the
respective subcontracts.

      The construction at the Sofitel Hotel began in 1999.
It is undisputed that on May 1, 2000 a Certificate of Substantial
Completion was signed by Keating, La Liberte, and the architect
for the Sofitel Project.  The signed Certificate constituted
acceptance by La Liberte under the terms of the subcontracts.

      The Sofitel Hotel opened to the public in May, 2000.
La Liberte alleges in its complaint that "shortly after opening"
guests reported leaks in the ceilings of several bathrooms that
appeared to originate in the bathrooms on the floor above.  The
complaint further asserts that La Liberte reported the leaks to
Keating as they were discovered.  Over the course of "several
months" Keating's representatives investigated and repaired the
leaks by tightening shower drain bolts.  Several years later, in
2004, new leaks appeared and La Liberte thereupon completely
dismantled a shower on the fourteenth floor.  At that point, it
discovered that the shower had been constructed incorrectly and
in a manner that caused damage to the materials used.

      On April 6, 2007, La Liberte filed this action against
Keating.  Keating moved to dismiss the complaint on the ground
that the four-year Pennsylvania statute of limitations barred

-4-

plaintiff's claims for breach of contract, breach of implied warranty, and breach of express warranty because La Liberte knew that leaks existed in 2000.  See 42 Pa. Cons. Stat. Ann. § 5525(a).  We denied the motion without prejudice on July 23, 2007.  We ruled that it was not possible to decide the issue merely on the basis of the allegations in the complaint and before discovery had taken place.

Keating then filed its third-party complaint on August 13, 2007.  In Count X Keating alleges that USF&G is liable to it under the terms of the USF&G Performance Bond for "any amounts awarded to La Liberte as a result of Voegele's acts, errors, omissions and/or other conduct on the Project ...."  Third-party Compl. ¶ 75.  Count XV avers that Hartford is liable to Keating under the terms of the Hartford Performance Bond for "any amounts awarded to La Liberte as a result of Shannon's acts, errors, omissions and/or other conduct on the Project ...."  Third-party Compl. ¶ 96.  USF&G and Hartford moved to dismiss these two counts of the third-party complaint arguing that the third-party complaint was time barred as to them under the limitations periods written into of the performance bonds.  We agreed with the arguments of USF&G and Hartford and, consequently, granted their motions to dismiss.

Keating now argues that this court's reasoning in its December 11, 2007 Memorandum and Order constituted a clear error of law and, as such, must be reconsidered to prevent a manifest injustice to it.  Specifically, Keating maintains that this court

-5-

held it to a heightened pleading standard that was not employed when considering its motion to dismiss La Liberte's complaint against it, relied on facts outside of the pleadings, and erred when we failed to grant the dismissal without prejudice to amend.

Keating argues that this court improperly held it to a heightened pleading standard when we concluded that its third-party complaint against USF&G and Hartford was out of time. Keating maintains that this court has "not address[ed] in any manner whether the underlying warranties themselves had expired." Keating Mot. for Recons. 9 (citing La Liberte v. Keating, Civ.A. No. 07-1397, 2007 WL 2108000 (E.D. Pa. July 23, 2007)). Therefore, according to Keating, we cannot determine if the contractual limitations periods contained in the performance bonds expired before the third-party complaint was filed.

We disagree.  Courts in this district have long held that "if it is clear from the face of the pleadings that a statute of limitations has expired, dismissal under Rule 12(b)(6) is appropriate." Saylor v. Ridge, 989 F. Supp. 680, 684 (E.D. Pa. 1998) (citing Clark v. Sears, Roebuck & Co., 816 F. Supp. 1064, 1067 (E.D. Pa. 1993)).  Where, as here, the limitations period is not controlled by statute but instead by contract, we must look to the terms of the contracts, that is, the performance bonds here, to determine whether Keating's third-party complaint is timely.[2]

_____

2.  It is proper to contemplate the contract terms in considering
                                                    (continued...)

In a July 23, 2007 Memorandum and Order, we denied Keating's motion to dismiss La Liberte's complaint.  There we stated that without discovery we could not conclude that La Liberte's complaint was time barred.  If applicable, the discovery rule or the repair doctrine may serve to toll the statute of limitations under Pennsylvania law.  See Romeo & Sons, Inc. v. P.C. Yesbak & Son, Inc., 652 A.2d 830, 834 (Pa. 1995); Amodeo v. Ryan Homes, Inc., 595 A.2d 1232, 1237 (Pa. Super. 1991).  The question whether the statute of limitations for La Liberte to bring suit against Keating was tolled, however, has no bearing on the life of the warranties contained in the relevant contracts.  The duration of any given warranty is controlled by the terms of the contract in which it is contained.  The time to sue for breach of warranty, on the other hand, is controlled by the applicable statute of limitations or the limitations period set forth in the contract, if the parties have exercised their right to set a shorter period.  Diorio v. Nationwide Mut. Ins. Co., 17 F.3d 657, 660 (3d Cir. 1994).

The claim of Keating against the third-party defendants requires a different analysis.  We must focus here on the USF&G and Hartford Performance Bonds.  To fall within the limitations

---

2.(...continued)
USF&G's and Hartford's motions to dismiss because we may look to "document[s] *integral to or explicitly relied* upon in the complaint ... without converting the motion [to dismiss] into one for summary judgment."  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).

periods set forth in those bonds, Keating's third-party complaint had to be filed either:  "before the expiration of two (2) years from the date on which final payment under the [Subcontract] falls due or before the expiration of one (1) year from the date on which the warranties required by the [Subcontract] (including the drawings and specifications incorporated therein) expire."  USF&G Mot. to Dismiss Ex. D; Hartford Mot. to Dismiss Ex. 1.

Based on the record before us, it is clear that Keating did not do so.  First, Keating made final payment to Voegele, the subcontractor for which USF&G is the surety, some time before February, 2005.  We know this based upon Voegele's First Amended Chapter 11 Plan, in which the accounts receivable does not indicate any balance due from Keating.[3]  Keating's final payment to Shannon, the subcontractor for which Hartford is the surety, was made on March 16, 2001.  Hartford attached as an exhibit to its motion to dismiss the "Consent of Surety Company to Final Payment" with a letter from Keating stating that final payment was made to Shannon on March 16, 2001.[4]  Keating does not dispute these dates, which are clearly within its knowledge.

3.  As a public record, we may properly consider Voegele's First Amended Chapter 11 Plan.  See Beverly Enters., Inc. v. Trump, 182 F.3d 183, 190 n.3 (3d Cir. 1999).

4.  The letter from Keating stating that final payment was made on March 16, 2001 is "integral to" its claim and therefore, properly considered on motion to dismiss.  See Burlington Coat Factory, 114 F.3d at 1426.  Moreover, Keating does not dispute the authenticity of the letter and failing to consider the letter would allow Keating to proceed on a claim that is clearly deficient on its face.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Accordingly, Keating did not file the third-party complaint before the expiration of two years after the date of final payment.

Keating has similarly failed to file its third-party complaint within one year of the expiration of the warranties. There is no warranty cited in Keating's third-party complaint or in the contracts attached thereto that expired on or after August 14, 2006, one year before it filed its third-party complaint.[5]  Keating's third-party complaint is therefore deficient on its face because the limitations period contained in the performance bonds expired before it was filed.

In the alternative, Keating asks for leave to file an amended third-party complaint to identify warranties that "may extend beyond those specifically set forth in the Voegele and Shannon Subcontracts."  Keating Mot. for Recons. 12.  Keating argues that the amendment would not be futile because La Liberte "would not bring a claim [against Keating] pursuant to these warranties if it thought that such warranties had expired or that some act or omission had served to toll the expiration of such warranties."  Keating Mot. for Recons. 14.

We acknowledge that Rule 15 of the Federal Rules of Civil Procedure states that courts "should freely give leave" to amend the complaint "when justice so requires."  Fed. R. Civ. P.

---

5.  Nor is such a warranty pleaded in La Liberte's original complaint, which Keating maintains it incorporated by reference in its third-party complaint.

15(2).  The Supreme Court has stated, however, that leave to amend under Rule 15 need not be given when an amendment would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).  After reviewing Keating's proposed amendment we believe that such an amendment would be futile.  See Burlington Coat Factory, 114 F.3d at 1434.  It is not, as Keating argues, an open question whether the warranties were some how tolled.  Keating, as noted above, cites no warranty that expired within a year of filing the third-party complaint.  Unlike a statute of limitations, neither the warranty periods nor the one year limitations period under the performance bonds can be tolled.  Rather the only open question at this time is whether the statute of limitations is tolled for La Liberte to file suit against Keating after the expiration of the warranties.  This issue is not relevant to whether Keating's third-party complaint was timely.  We will therefore deny the alternative motion of Keating to amend its third-party complaint.

```
                    IN THE UNITED STATES DISTRICT COURT
                  FOR THE EASTERN DISTRICT OF PENNSYLVANIA


LA LIBERTE, LLC                     :           CIVIL ACTION
                                    :
            v.                      :
                                    :
KEATING BUILDING CORP.              :
                                    :
            v.                      :
                                    :
ROMAN MOSAIC AND TILE CO.,          :
et al.                              :           NO. 07-1397
```

ORDER

    AND NOW, this 15th day of February, 2008, for the
reasons set forth in the accompanying Memorandum, it is hereby
ORDERED that the motion of Keating Building Corporation for
reconsideration pursuant to Rule 59(e) of the Federal Rules of
Civil Procedure or, in the alternative, to seek leave to file an
amended complaint is DENIED.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                      C.J.